UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HORTON,<br><br>          Plaintiff,<br><br>     v.<br><br>SIERRA CONSERVATION CENTER,<br><br>          Defendant. | 1:09-cv-01441-AWI-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 2)<br><br>ORDER DIRECTING SERVICE OF THE COMPLAINT (DOC. 1) ON DEFENDANT<br><br>ORDER DIRECTING THE CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT<br><br>ORDER DIRECTING THE CLERK TO FORWARD ANY SERVICE DOCUMENTS SUBMITTED BY PLAINTIFF TO THE MARSHAL FOR SERVICE OF PROCESS<br><br>ORDER DIRECTING THE MARSHAL TO SERVE THE COMPLAINT UPON RECEIPT OF SERVICE DOCUMENTS |

     Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

////

I. <u>Application to Proceed in Forma Pauperis</u>

Pending before the Court is Plaintiff's motion to proceed in forma pauperis, filed on August 17, 2009.

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

II. <u>Screening the Complaint</u>

   A. <u>Legal Standards</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

2

555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

Determining whether a complaint states a plausible claim for relief is generally "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950. However, "where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. Ashcroft v. Iqbal, 129 S. Ct. at 1950.

A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, –U.S. –, 129 S.Ct. 1937, 1949 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the

3

1  facts that he has alleged and that an opportunity to amend would
2  be futile. Lopez v. Smith, 203 F.3d at 1128.

### B. Plaintiff's Complaint

Plaintiff alleged that Defendant Sierra Conservation Center of the California Department of Corrections hired him as a librarian beginning in February 2007, treated him in a hostile and disrespectful manner, and terminated him wrongfully in June 2007. Plaintiff was a Hispanic male over the age of forty years who had a Master's degree in library science from the University of Oklahoma and who was treated differently in employment than a similarly situated white, female employee who was under the age of forty years would be treated. Plaintiff alleges that he was treated in a discriminatory manner from the beginning of employment because of his ethnic background, gender, and age of over forty years; his white, female, under-forty supervisor did not treat him with dignity or respect and constantly interfered with the operations of the library; in contrast, she never directly intervened in the classroom management of other faculty who were white, female, and under forty. Plaintiff was terminated for the stated reasons of having received a traffic ticket away from work and having omitted from the employment application probationary employment, an omission which Plaintiff alleges was authorized by the California State Personnel Board, but Plaintiff further alleges that he was terminated because he was Hispanic, male, and over the age of forty years, and a white female under forty would not have been terminated for such reasons. Plaintiff alleges that he was deprived of the opportunity to continue his employment and was gravely humiliated by not being treated like

4

other employees of the defendant, and he seeks any all just, legal and equitable relief that the Court can provide.

It was held in <u>Swierkewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) that a complaint that alleged that the plaintiff had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADA, and which detailed the events leading to his termination, such as pertinent dates and data concerning some of the persons involved in the termination, gave adequate notice of the claims and grounds and stated a claim upon which relief could be granted. Since then the notice pleading standards have been further refined in terms of the plausibility inquiry.

However, a fair reading of the complaint in the instant case results in a reasonable inference that Defendant Sierra Conservation Center is a state governmental entity engaged in an industry affecting commerce with fifteen or more employees in each working day in each of twenty or more calendar weeks in the current or preceding year; Defendant thus appears to qualify as an employer within the scope of the statute. 42 U.S.C. § 2000e(b); <u>Dothard v. Rawlinson</u>, 433 U.S. 321 (1977).

Further, Plaintiff has alleged sufficient facts to warrant an inference that the employer discriminated against Plaintiff, who was qualified for the job, in the terms and conditions of employment on the prohibited bases of gender, race, or national origin within the meaning of 42 U.S.C. § 2000e-2.

The Court concludes that Plaintiff has alleged facts that might support a claim entitling him to relief. Because the Court has examined Plaintiff's complaint sufficiently to determine that

the entire action does not fail to state a claim, is not frivolous, and does not merely state a claim against a defendant who is immune from relief, the Court will not further analyze Plaintiff's federal or state claims.

### III. Service of the Complaint

The Court will direct that the complaint be served on Defendant Sierra Conservation Center.

#### A. Directions to the Marshal

Accordingly, when appropriate service documents are submitted to the Court and forwarded to the Marshal, the United States Marshal SHALL SERVE the complaint.

#### B. Directions to the Clerk and to Plaintiff

Service IS appropriate for the following defendant: Sierra Conservation Center.

Accordingly,

1) The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, an instruction sheet, a notice of submission of documents, and two copies of the complaint filed in this Court.

2) Within thirty days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. Two copies of the endorsed complaint filed in this Court.

Plaintiff need not attempt service on defendants and need not request waiver of service.

Upon receipt of the documents described above, the Clerk of the Court SHALL FORWARD them to the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action for failure to obey this Court's order.  Local Rule 11-110.**

IT IS SO ORDERED.

**Dated:     September 11, 2009                                                            /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE