1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOHN D. HORTON,                          CASE NO. 1:09-cv-01441-AWI-SMS

10              Plaintiff,

11   v.                                      FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DENIAL OF PLAINTIFF'S
12   SIERRA CONSERVATION CENTER,             MOTION FOR DEFAULT JUDGMENT
     CALIFORNIA DEPARTMENT OF
13   CORRECTIONS AND REHABILITATION,

14
                    Defendant.              (Doc. 12)
15   _____/

16

17        Plaintiff John D. Horton moves for default judgment against Defendant Sierra Conservation

18   Center, California Department of Corrections and Rehabilitation.  Noting that Plaintiff is unable to

19   state the date of service since the U.S. Marshal's Affidavit of Service has not yet been returned and

20   that Defendant filed its answer on the same date that Plaintiff moved for default judgment, this Court

     recommends that Plaintiff's motion be denied.
21

22   **I.        Procedural History**

23        Plaintiff filed his complaint, alleging discrimination in hiring on August 17, 2009 (Doc.1).

24   A summons was issued as to "Sierra Conservation Center" on September 15, 2009 (Doc.4).  Service

25   Documents were received and forwarded to the U.S. Marshal's Service, Sacramento, on October 23,

26   2009.  Defendant answered on February 12, 2010 (Doc.10).  Also on February 10, 2010, Plaintiff

     moved for default judgment (Doc. 12).  Return of service has not yet been filed.
27
     ///
28

1

1    **II.    Discussion**

2         Entry of default is the first step in obtaining a default judgment against a defendant who has

3    failed to respond.  Federal Rule of Civil Procedure 55(a) provides for the Clerk of Court's entry of

4    default:

5         When a party against whom a judgment for affirmative relief is sought has failed to
         plead or otherwise defend, and that failure is shown by affidavit or otherwise, the
6         Clerk must enter the party's default.

7    Entry of default against a defendant cuts off that defendant's right to appear in the action or to

8    present evidence.  *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).

9         Here, Plaintiff did not request that the Clerk of Court enter default against Defendant.

10   Indeed, Plaintiff would have experienced difficulty with a request for default since, in the absence

11   of a return of service on Defendant, Plaintiff was unable to prove that Defendant had been served

12   with the summons and complaint but had filed to respond within the time permitted by the Federal

13   Rules.  As a result, Defendant was not precluded from filing its answer on February 12, 2010.

14        In addition, even if Defendant's answer was filed late, the Court cannot enter default once

15   the Defendant has filed its responsive pleading.  *Mitchell v. Brown & Williamson Tobacco Corp.*,

16   294 F.3d 1309, 1317 (11th Cir. 2002).  Accordingly, this Court must recommend that Plaintiff's

17   motion for default judgment be denied.

18   **III.    Conclusion**

19        Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for default judgment against

20   Defendant Sierra Conservation Center, California Department of Corrections and Rehabilitation, be

21   denied.

22        These findings and recommendations are submitted to the Honorable Anthony W. Ishii,

23   United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule

24   305 of the Local Rules of Practice for the United States District Court, Eastern District of California.

25   Within thirty (30) days after being served with a copy, any party may file written objections with the

26   court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate

27   Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within

28   ten (10) days after service of the objections.  The Court will then review the Magistrate Judge's

ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    March 1, 2010**                          /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE