IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HORTON, PRO SE,<br><br>        Plaintiff,<br><br>vs.<br><br>SIERRA CONSERVATION CENTER,<br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS,<br><br>        Defendant(s). | 1:09-cv-01441-SMS<br><br>**ORDER GRANTING DEFENDANT'S REQUEST TO MODIFY SCHEDULING ORDER** (Doc. 36) as follows:<br><br>Dispositive Motion Filing Deadline: 12/30/11<br><br>Settlement Conference Date: 2/16/12, 10:30am, Ctrm. 8/**SKO**<br><br>Pre-Trial Conference Date: 3/20/12, 11:00am, Ctrm. 1/**SMS**<br><br>Trial Date: 5/14/12, 9:00am, Ctrm. 1/**SMS** (CT ~ 5 days) |

GOOD CAUSE APPEARING, Defendant's request to modify the current Scheduling Conference Order (Doc. 28) is hereby GRANTED as follows:

    1.   Pre-Trial Motion Schedule:

All Dispositive Pre-Trial Motions shall be filed on or before December 30, 2011, and are (customarily) heard on Wednesdays at 10:00 a.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge. In scheduling such motions, the parties shall comply with **Local Rules 230 and 260**.

1  **Motions for Summary Judgment or Summary Adjudication**

2  Prior to filing a motion for summary judgment or motion
3  for summary adjudication, the parties are **ORDERED** to meet, in
4  person or by telephone, and confer to discuss the issues to be
5  raised in the motion.

6  The purpose of the meeting shall be to: (1) avoid filing
7  motions for summary judgment where a question of fact exists; (2)
8  determine whether the respondent agrees that the motion has merit
9  in whole or in part; (3) discuss whether issues can be resolved
10 without the necessity of briefing; (4) narrow the issues for review
11 by the Court; (5) explore the possibility of settlement before the
12 parties incur the expense of briefing a summary judgment motion;
13 (6) arrive at a joint statement of undisputed facts.

14 The moving party shall initiate the meeting and provide a
15 draft of the joint statement of undisputed facts.  In addition to
16 the requirements of Local Rule 260, the moving party shall file a
17 joint statement of undisputed facts.

18 In the notice of motion, the moving party shall certify
19 that the parties have met and conferred as ordered above or set
20 forth a statement of good cause for the failure to meet and confer.

21     2.    Pre-Trial Conference Date:

22 March 20, 2012 at 11:00 a.m. in Courtroom No. 1 on the
23 Eighth Floor before the Honorable Sandra M. Snyder, United States
24 Magistrate Judge.

25 Ten (10) days prior to the Pretrial Conference, the
26 parties shall exchange the disclosures required pursuant to
27 F.R.Civ.P. 26(a)(3).
28 //

2

1  The parties are ordered to file a **JOINT Pretrial
2  Statement pursuant to Local Rule 281(a)(2)**.  The parties are
3  further ordered to submit a digital copy of their Joint Pretrial
4  Statement in WordPerfect X3[1] format to Judge Snyder's chambers by
5  e-mail to SMSOrders@caed.uscourts.gov.
6  The parties' attention is directed to **Rules 281 and 282
7  of the Local Rules** of Practice for the Eastern District of
8  California as to their obligations in preparing for the Pre-Trial
9  Conference.  **The Court will insist upon strict compliance with
10 those Rules**.
11     3.   Trial Date:
12          May 14, 2012 at 9:00 a.m. in Courtroom No. 1 on the
13 Eighth Floor before the Honorable Sandra M. Snyder, United States
14 Magistrate Judge.
15          A.   This is a court trial.
16          B.   The parties' Estimate of Trial Time:
17               5 days.
18          C.   The parties' attention is directed to **Rule 285 of
19 the Local Rules** of Practice for the Eastern District of California.
20     4.   Settlement Conference:
21          February 16, 2012 at 10:30 a.m. in Courtroom No. 8 on the
22 Sixth Floor before the Honorable Sheila K. Oberto, United States
23 Magistrate Judge.
24          Unless otherwise permitted in advance by Judge Oberto,
25 **the attorneys who will try the case shall personally appear** at the
26 Settlement Conference **with the parties** and the person or

---

[1] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

3

persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

Permission for a party *[not attorney nor, in this particular case, pro se plaintiff]* to attend by telephone may be granted by Judge Oberto upon request, by letter, with a copy to the other parties, IF the party lives and works outside the Eastern District of California, AND attendance in person would constitute a hardship.  If telephone attendance is allowed, **the party must be** *immediately* **available throughout the conference, until excused, regardless of time zone differences**.  Any other special arrangements desired in cases where settlement authority rests with a governing body shall also be proposed, in advance, by letter, and copied to all other parties.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

NOTICE IS HEREBY GIVEN that a Confidential Settlement Conference Statement is **MANDATORY**, and must be submitted to Judge Oberto's chambers, **at least five (5) court days prior to the Settlement Conference**, by e-mail to SKOOrders@caed.uscourts.gov.  Failure to so comply may result in the imposition of monetary and/or other sanctions.

The Statement should **not be filed** with the Clerk's Office nor **served on any other party**, although the parties may file a

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, or the like, shall be represented by a person or persons who occupy high executive positions in the party organization, and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

4

1 Notice of Lodging Confidential Settlement Conference Statement.
2 Each Statement shall be clearly marked "Confidential" with the date
3 and time of the Settlement Conference indicated prominently
4 thereon.  The parties are urged to request the return of their
5 Statements if settlement is not achieved and, if such a request is
6 not made, the Court will dispose of the Statement.
7         The Confidential Settlement Conference Statement shall
8 include the following:
9         A.   A brief statement of the facts of the case.
10        B.   A brief statement of the claims and defenses, i.e.,
11 statutory or other grounds upon which the claims are founded; a
12 forthright evaluation of the parties' likelihood of prevailing on
13 the claims and defenses; and, a description of the major issues in
14 dispute.
15        C.   A summary of the proceedings to date.
16        D.   An estimate of the cost and time to be expended for
17 further discovery, pretrial, and trial.
18        E.   The relief sought.
19        F.   The party's position on settlement, including
20 present demands and offers, and a history of past settlement
21 discussions, offers, and demands.
22    5.   Compliance with Federal Procedure:
23        The Court requires compliance with the Federal Rules of
24 Civil Procedure and the Local Rules of Practice for the Eastern
25 District of California.  To aid the Court in the efficient
26 administration of this case, all parties are expected to
27 familiarize themselves with the Federal Rules of Civil Procedure
28 and the Local Rules of Practice for the Eastern District of

5

1  California, and to keep abreast of any amendments thereto.  The
2  Court must insist upon compliance with these Rules if it is to
3  efficiently handle its increasing caseload.  Sanctions will be
4  imposed for failure to follow the Rules as provided in both the
5  Fed.R.Civ.P. and the Local Rules.
6       6.   Compliance with Electronic Filing Requirement:
7            On January 3, 2005, the United States District Court for
8  the Eastern District of California became an electronic case
9  management/filing district (CM/ECF).  Unless excused by the Court,
10 or by Local Rule, attorneys shall file all documents electronically
11 as of January 3, 2005, in all actions pending before the court.
12 While Pro Se Litigants are exempt from this requirement, the court
13 will scan in all documents filed by pro se litigants, and the
14 official court record in all cases will be electronic.  Attorneys
15 are required to file electronically in pro se cases.  More
16 information regarding the Court's implementation of CM/ECF can be
17 found on the court's web site at www.caed.uscourts.gov, including
18 the Court's Local Rules effective January 3, 2005,the CM/ECF Final
19 Procedures, and the CM/ECF User's Manual.
20           While the Clerk's Office will not refuse to file a
21 proffered paper document, the Clerk's Office will scan it and, if
22 improperly filed, notify the Court that the document was filed in
23 an improper format.  An order to show cause (OSC) may be issued in
24 appropriate cases regarding an attorney's disregard for the
25 requirement to utilize electronic filing, or other violations of
26 these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).
27           All counsel must be registered for CM/ECF.  On-line
28 registration is available at www.caed.uscourts.gov.  Once

6

1 registered, counsel will receive a login and password in
2 approximately one (1) week.  Counsel must be registered to file
3 documents on-line.  See L.R. 135(g).  Counsel are responsible for
4 knowing the rules governing electronic filing in the Eastern
5 District.  Please review the Court's Local Rules effective January
6 3, 2005, available on the Court's web site.

    7.    Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this Order cannot be met, the parties are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish extremely good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   September 27, 2011**            **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE

7