# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN D. HORTON,

Plaintiff,

v.

SIERRA CONSERVATION CENTER, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

Defendant.

______________________________________/

CASE NO. 1:09-cv-01441-SMS

ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

(Doc. 39)

Plaintiff John Horton, proceeding *pro se* and *in forma pauperis*, moves for appointment of counsel. Because of procedural and substantive deficiencies in Plaintiff's motion, this Court denies Plaintiff's motion, without prejudice to his again bringing the motion after correcting the deficiencies noted in this order.

A party has no constitutional right to the employment of counsel in an employment discrimination case. *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In an appeal of an Equal Employment Opportunity Commission (EEOC) action, a court has the statutory authority to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 20003-5(f)(1). In making its determination, the trial court must consider (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the merits of the plaintiff's claim. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) ("*Bradshaw I*").

Plaintiff correctly contends that, having qualified to proceed *in forma pauperis*, he has already demonstrated his impecunity. *See Bradshaw I*, 662 F.2d at 1318.

Regarding his efforts to retain counsel, Plaintiff states in a footnote to his motion only that he "has contacted all attorneys listed on the website of the National Employment Lawyers Association (www.nela.org) as practicing in the state of California." Doc. 39 at 1. This bare statement, without more, does not permit the Court to evaluate the nature of Plaintiff's efforts or the responses of the attorneys he contacted. Plaintiff is directed to fully set forth the specifics of his contacts with prospective attorneys and appropriate legal aid offices, including the names of those he contacted, the nature of his contact with each attorney (that is, telephone, face-to-face meeting, etc.), the reason each attorney declined to represent Plaintiff, and the fee arrangements discussed with each attorney (such as *pro bono* representation, full or reduced fee, or contingent fee arrangements). Plaintiff must set forth this documentation in a declaration meeting the requirements of 28 U.S.C. § 1746. (For assistance, Plaintiff is referred to the information and forms included in General Order No. 188, which is available from this Court's website (www.caed.circ9.dcn/caed/DOCUMENTS/GeneralOrders/188.pdf).)

In the same footnote, Plaintiff addresses the merits of his case merely by stating his personal opinion that " Defendant cannot support its termination action as the articulated reasons of the defendant (i.e. a traffic ticket and the omission of one probationary employment of the employment application as authorized by the California Personnel Board) cannot be sustained on a motion for summary judgment when a similarly situated white female under the age of forty would not have been terminated on a similar pretext." Doc. 39 at 2. Plaintiff's own opinion is not sufficient to establish that his case has merit. To establish this element, a plaintiff must set forth, in a declaration meeting the requirements of 28 U.S.C. § 1746, the evidence that he will produce at trial and explain why this evidence will show that Defendant discriminated against him. Production of a right-to-sue letter issued by the EEOC will establish this element since, in issuing a right-to-sue letter, the EEOC has determined the existence of probable cause that the plaintiff was discriminated against. *See Bradshaw I*, 662 F.2d at 1319-20. Plaintiff's declaration must also address whether he complied with all statutory deadlines in presenting his claim.

Plaintiff is reminded that, even if he resubmits his motion for appointed counsel in compliance with the requirements noted above and in General Order No. 188, appointment of counsel is not guaranteed. Congress has neither appropriated funds to compensate attorneys appointed to represent plaintiffs in Title VII cases nor authorized the Court to impose involuntary servitude on attorneys competent to represent plaintiffs in employment cases. *See, e.g., Bradshaw v. United States District Court for the Southern District of California*, 742 F.2d 515, 516-18 (9th Cir. 1984) ("*Bradshaw II*"). Should Plaintiff re-file his motion and succeed in convincing the Court that he has satisfied the three elements required under *Bradshaw I*, the Court can do no more than refer Plaintiff to the Clerk of Court for possible assignment of a voluntary panel attorney if one is available. *See, e.g., id.; Johnson v. NCT Services*, 631 F.Supp. 606, 608 (D. Hawaii 1986) (finding that the plaintiff was not entitled to appointment of counsel where the organization designated by the court to identify *pro bono* counsel was unable to find counsel willing to represent him).

Plaintiff's motion is DENIED without prejudice.

IT IS SO ORDERED.

**Dated: October 14, 2011** **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE