# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HORTON, | CASE NO. 1:09-cv-01441-SMS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF CONNIE A. BROUSSARD |
| SIERRA CONSERVATION CENTER, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | (Doc. 53) |

On January 17, 2012, Plaintiff moved to strike the declaration of Deputy Attorney General Connie A. Broussard (Doc. 50), filed December 29, 2011, in support of Defendant's motion for summary judgment (Doc. 43). Broussard's declaration authenticated the First Amended Complaint, excerpts from Plaintiff's deposition, Defendant's proposed statement of undisputed facts, and Plaintiff's response to Defendant's statement of undisputed facts. Defendant contends that Broussard's declaration violates Cal. R. Prof. Conduct, R. 5-210, which prohibits an attorney representing a party from acting as a witness in the same case. Defendant responds that Broussard's declaration does not violate Rule 5-210 and that Plaintiff's motion was intended to harass or annoy Defendant.

Rule 5-210 provides:

> A member shall not act as an advocate before a jury which will hear testimony from the member unless:

   (A) The testimony relates to an uncontested matter; or

   (B) The testimony relates to the nature and value of the legal services rendered in the case; or

   (C) The member has the informed, written consent of the client.  If the member represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the member is employed and shall be consistent with principles of recusal.

   Rule 5-210 is intended to apply only to situations in which the member knows or ought to know that he will be called as a witness before a jury. *Discussion*, Cal. R. Prof. Conduct, R. 5-210.  The rule does not apply to nonadversarial representation or in adversarial proceedings before a judge.  *Id.*  A California Court of Appeal explained the purpose of the Rule:

> Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness of an advocate.  If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness.  Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case.  An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility.  The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.
>
> *People v. Donaldson*, 93 Cal.App.4th 916, 927-28 (2001), *quoting* ABA Model Code of Prof. Responsibility, EC 5-9.

   An attorney's a declaration to authenticate documents necessary for the Court's full consideration does not raise the same concerns.  Such a declaration is more akin to the attorney's administrative responsibilities at trial than to the role of the witness.  In addition, an attorney's declaration authenticating necessary documents or attesting to factual matters in motion practice does not necessarily give rise to a need to call the attorney as a witness at trial.  *Cf., Kennedy v. Eldridge*, 201 Cal.App.4th 1197, 1209 (2011).  As a practical matter, attorneys' declarations are commonly used in motion practice with no expectation that the attorney will testify at trial.

   "In law and motion practice, counsel will frequently prepare a summary of facts in support of or in opposition to the motion."  *Smith, Smith & Kring v. Superior Court of Orange County*, 60 Cal.App.4th 573, 577 (1997).  Unless each fact is supported by admissible evidence, preferably evidence accompanying the motion or opposition, the Court must disregard any facts

///

alleged in an unverified statement. *Id.* at 578. However, the court may consider facts set forth in declarations filed in support of or in opposition to the motion. *Id.*

The documents authenticated by Broussard's declaration are necessary and appropriate to the Court's proper consideration of the two summary judgment motions pending before this Court. Plaintiff's motion to strike Deputy Attorney General Broussard's declaration is denied.

IT IS SO ORDERED.

**Dated:     March 14, 2012                      /s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE